IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02973-JLK

MOE AMAN (f/k/a/ MOHAMMED AMAN),

    Plaintiff,

v.

DILLON COMPANIES, INC. d/b/a KING SOOPERS, a Kansas Corporation

    Defendant.

## ORDER REGARDING MOTION FOR CLARIFICATION, DOC. 44

Kane, J.

Mr. Aman moves to clarify whether summary judgment on Mr. Aman's thirteenth claim for relief for wrongful discharge in violation of public policy was granted or denied. While the Order at Doc. 42 concluded by summarizing which of Mr. Aman's thirteen claims would proceed to trial and inadvertently designated King Soopers's Motion for Summary Judgment on Mr. Aman's thirteenth claim as denied, Mr. Aman correctly points out that the motion was granted:

> Mr. Aman has not presented any evidence that he had any workers' compensation rights to claim that he had not already claimed before being discharged. Furthermore, there is no evidence that any King Soopers' employee thought that Mr. Aman was exercising his workers' compensation rights when he failed to come in for his scheduled shifts. I GRANT summary judgment in favor of King Soopers on this claim.

*Id.* at 37-38.

This position controls and I hereby amend the Order at Doc. 42 to conclude as follows:

King Soopers' Motion for Summary Judgment, Doc. 25 is GRANTED in regard to

    1. Mr. Aman's Third and Fourth Claims (racial discrimination based on reassignment per Title VII and 42 U.S.C. § 1981(a));

    2. Mr. Aman's Fifth Claim (discrimination violation of the ADA based on discharge)

    3. Mr. Aman's Sixth Claim (violation of the ADA based on reassignment)

    4. Mr. Aman's Ninth and Tenth Claims (retaliation claims under Title VII and 42 U.S.C. § 1981(a) based on reassignment);

    5. Mr. Mr. Aman's Thirteenth Claim (wrongful discharge in violation of public policy).

and is DENIED in regard to

    6. Mr. Aman's First and Second Claim (racial discrimination based on discharge per Title VII and 42 U.S.C. § 1981(a) );

    7. Mr. Aman's Seventh and Eight Claims (discharge-based retaliation per Title VII and 42 U.S.C. § 1981(a);

    8. Mr. Aman's Eleventh Claim (retaliation under the ADA based on discharge); and

    9. Mr. Aman's Twelfth Claim (hostile work environment).

Insofar as Mr. Aman attempts to turn the instant motion to *clarify* a line of summary into a motion to *reconsider* the evidence on which I decided to grant summary judgment in favor of King Soopers regarding Mr. Aman's thirteenth claim, I decline the

invitation. Ms. Bouknight's testimony involved a hypothetical case in which an employee with a closed workers' compensation case claims to have an aggravation of his workers' compensation injury. At the relevant time, Mr. Aman was an employee with a closed workers' compensation case who did *not* claim to have an aggravation of his workers' compensation injury.

> Mrs. Bouknight testified that as of May 2008 Mr. Aman's workers' compensation claim was "over." Ex.55 at p. 137:17-23. Mr. Aman never presented King Soopers with any information suggesting he had experienced an aggravation of his original injury such that he would have a new workers' compensation claim. Indeed, both his MMI and IME stated substantially identical restrictions and characterized them as *permanent*. Ex. 5 (MME); Ex. 25 (IME). The IME was done March 18, 2008, five months after the MMI, and does not indicate that Mr. Aman's condition declined whatsoever in the period between assessments.

*Id.* at 37-38.

In sum, for the reasons stated in the Order at Doc. 42 and repeated herein, summary judgment is GRANTED in favor of King Soopers on Mr. Aman's thirteenth claim for relief for wrongful discharge in violation of public policy.

DATED:     April 10, 2014            BY THE COURT:

                                     *s/John L. Kane*
                                     John L. Kane, U.S. Senior District Judge